# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Orlando Bradley,** | **CASE NO. 1: 18 CV 2495** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| | **Memorandum of Opinion and Order** |
| **City of Ashtabula,** *et al.***,** | |
| **Defendants.** | |

*Pro se* Plaintiff Orlando Bradley filed his complaint in this case in the Ashtabula County Court of Common Pleas against the City of Ashtabula and multiple other defendants in connection with a number of criminal and traffic cases against him in Ashtabula Municipal Court. (Doc. No. 1-1.) He labeled his complaint as being brought under Ohio Revised Code Chapter 2744 pertaining to Political Subdivision Tort Liability.

The defendants removed the action to this Court, asserting in their Notice of Removal that the plaintiff's complaint is "predicated on" federal claims arising under 42 U.S.C. § 1983, and contains only "pendent state law claims," because the complaint references and relies in places on various constitutional provisions. (Doc. No. 1 at 1.)

The plaintiff has filed a motion to remand this action to state court, asserting federal subject-matter jurisdiction does not exist because, contrary to the defendants' characterization of his complaint, he does not seek to raise any federal claims. (Doc. No. 6.) Instead, he asserts he wishes to raise only state-law claims arising under Ohio Revised Code Chapter 2744. The defendants, in response, dispute that the plaintiff's complaint raises only state law claims, but

state they would not oppose remand if the plaintiff agrees to dismiss any federal constitutional claims with prejudice.

The plaintiff's motion to remand will be granted.

A defendant seeking to remove a case to federal court bears the burden of proving that the district court possesses subject-matter jurisdiction, and "all doubts [are] resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549–50 (6th Cir. 2006) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule, however, "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Given that this *pro se* plaintiff asserts he seeks to bring claims arising only under state statutory law, this Court will remand his case to state court. "Since Plaintiffs are 'the master of [the] complaint,' the fact that claim could be stated under federal law does not prevent them from stating it under state law only." *Buchholz v. Baldwin Wallace University*, No. 1: 12 CV 3119, 2013 WL 1088570, at * (N.D. Ohio Mar. 14, 2013) (quoting *Eastman*, 438 F.3d at 550)).

If it becomes apparent in the state-court proceeding that the plaintiff in fact seeks relief on a claim arising under federal law, the defendants may re-remove the action at that time. *See* 28 U.S.C. § 1446(b)(3) ( "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may

first be ascertained that the case is one which is or has become removable.").

## Conclusion

For the reasons stated above, the plaintiff's motion to remand is granted, and this action will be remanded to the Ashtabula County Court of Common Pleas.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan
                                          PATRICIA A. GAUGHAN
                                          United States District Judge
                                          Chief Judge

Dated: 1/22/19